**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LORENZO A. BROOKS,** )<br>**#19235-044,** )<br> )<br>    **Petitioner,** )<br> )<br>**vs.** )<br> )<br>**B. TRUE,** )<br> )<br>    **Respondent.** ) | **Case No. 19-cv-00789-SMY** |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Lorenzo Brooks, an inmate in the United States Penitentiary located in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). In his Petition (Doc. 1) and Motion for Relief (Doc. 2), Brooks challenges his enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *See United States v. Brooks*, No. 4:04-cr-00538-JCH-1 (E.D. Mo. 2004). Specifically, Brooks asserts that his two prior convictions in Missouri for first degree robbery do not qualify as separate predicate offenses because a jury did not consider this issue, and without an enhanced sentence, he would be entitled to immediate release. (Doc. 1, pp. 6-8; Doc. 2).

This matter is now before the Court for preliminary review of the Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Brooks was charged with one count of being a felon in possession of a firearm, and in 2005, was additionally charged in a superseding indictment making a false statement under oath to the court. *See United States v. Brooks*, No. 4:04-CR-00538-JCH-1 (E.D. Mo. 2004) (Docs. 1, 52) ("criminal case"). Brooks was found guilty of being a felon in possession of a firearm following a jury trial on October 4, 2005.[1] (Docs. 81, 87, criminal case). On December 20, 2010, he was sentenced as an armed career criminal to 210 months of imprisonment followed by 3 years of supervised release. (Doc. 111, criminal case). On direct appeal, the Eighth Circuit Court of Appeals affirmed his sentence on July 14, 2011. (Docs. 128, 129, criminal case).

On September 2, 2015, Brooks filed a collateral attack of his sentence and conviction pursuant to 28 U.S.C. § 2255. *Brooks v. United States*, No. 15-cv-01378-JCH (E.D. Mo. 2015). He argued that: (1) he was entitled to a sentence reduction pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("Ground 1"); (2) his rights were violated by the use of a Presentence Investigation Report[2] ("PSR") to establish the factual basis for his prior convictions at sentencing ("Ground 2"); and (3) the Government failed to establish that his two predicate robbery offenses were separate and distinct criminal episodes for purposes of the ACCA ("Ground 3"). (Doc. 1, collateral attack). The district court denied the § 2255 motion on December 4, 2017. (Doc. 23, collateral attack). With respect to Ground 1, the court held that the two robbery offenses qualified as predicate offenses under the "still-valid elements clause" of Section 924(e). (*Id*. at pp. 4-5, collateral attack) (collecting cases). It concluded that grounds 2 and 3 were time-barred. (*Id*.). The court dismissed the Motion and declined to issue a certificate of appealability. (*Id*.). The Eighth Circuit subsequently denied Brooks' Application for a

---

[1] The other count was dismissed pursuant to the Government's motion.
[2] He describes the PSR as a "non-*Shepard* document." *See Shepard v. United States*, 544 U.S. 13 (2005).

Certificate of Appealability and dismissed his appeal. *Brooks v. United States*, App. No. 17-3710 (8th Cir. dismissed April 25, 2018). Brooks filed several post-judgment motions to alter or amend the judgment in his collateral attack, but the district court denied all of them, *including* the Motion for Relief Pursuant to FED. R. CIV. P. 60(b)(6) (hereinafter "Motion for Relief") (Doc. 36) that he filed along with the instant § 2241 Petition. (Docs. 34-37, collateral attack; Doc. 2).

## DISCUSSION

In his § 2241 Petition and Motion for Relief, Brooks first claims that no competent evidence established he was previously convicted of three or more violent felonies or serious drug offenses "committed on occasions different from one another." (Doc. 1, p. 6). He maintains that the prior robbery convictions occurred at the same time and were not "separate and distinct criminal episodes."[3] (*Id*. at p. 7) (citing Motion for Relief at Doc. 2, p. 2). Brooks next claims that the Presentence Report used to enhance his sentence without a jury determination on the issue is flawed under the Supreme Court's recent "Davis" decision. (*Id*. at p. 7; Doc. 2) (citing *Buck v. Davis*, 137 S. Ct. 759 (2017)). Finally, he argues the sentencing court's decision to enhance his sentence without submitting the issue to a jury resulted in a miscarriage of justice. (*Id*.) (citing Motion for Relief at Doc. 2). Brooks seeks resentencing without application of 18 U.S.C. § 924(e) and immediate release. (*Id*. at p. 8; Doc. 2).

Generally, a federally convicted person must attack his conviction or sentence by filing a

---

[3] Brooks specifically argues the following:

"On October 30, 1976 he robbed the victims in Criminal Action 1 he only obtained $6.88, however, in the same location and same time, he saw the victim in Criminal Action 2 walking down the street and attempted to rob him for money but was prevented from completing the offense. Based on this assertion, Defendant contends that he is not subject to the ACCA enhancement, because the offenses were not committed on occasions different from another and as such the enhancement under 28 USC 924(e) should be removed from his sentence and be resentenced without the ACCA enhancement."

(Doc. 2, p. 5).

motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). This is normally the "exclusive means" for a federal prisoner to bring a collateral attack. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Section 2255 limits a prisoner to a single challenge. However, when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention," a prisoner is not without recourse, and pursuant to § 2255(e)'s savings clause, may challenge his federal conviction or sentence under 28 U.S.C. § 2241 instead. *See* 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). Section 2255 is considered inadequate or ineffective when three requirements are met: (1) the prisoner relies on a "statutory-interpretation case" and not a constitutional case; (2) the prisoner relies on a decision that is retroactive on collateral review and could not have been invoked in his first Section 2255 motion; and (3) the complained-of error was grave enough to constitute a "miscarriage of justice." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d at 586; *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016).

Here, the savings clause provides Brooks with no avenue to relief. In the instant Petition, Brooks raises the same arguments he made in his § 2255 Motion and Motion for Relief. In fact, he literally filed the same Motion for Relief on collateral attack and in this case. As previously noted, the United States District Court for the Eastern District of Missouri denied the motion and declined to issue a certificate of appealability. Section 2255 is not rendered "inadequate or ineffective" simply because Brooks was unable to obtain the relief on collateral attack. He must still satisfy the *Davenport* requirements.

Brooks cites a single case in support of his Petition: *Buck v. Davis*, 137 S. Ct. 759 (2017). (Doc. 1, p. 7; Doc. 2, p. 1). However, *Buck v. Davis* is not a "statutory-interpretation case;" it is

not retroactive to cases on collateral review; it could have been and was invoked on collateral

attack; and the complained-of error does not amount to a "miscarriage of justice." Moreover, the

Supreme Court's decision in *Buck* addresses a district court's denial of a motion to reopen the

judgment in a capital murder case and the standard for issuing a certificate of appealability. *Id.* It

has no discernable relevance to the Brooks' § 2241 Petition and he cites no other change in the

law or new facts that warrant another look at his sentence under the circumstances presented.

Accordingly, the § 2241 Petition and Motion for Relief will be **DISMISSED with prejudice**.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C.

§ 2241 (Doc. 1) and Petition for Relief Pursuant to FED. R. CIV. P. 60(b)(6) (Doc. 2) are

**DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a Notice of Appeal with this Court

within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to

appeal *in forma pauperis* must set forth the issues Petitioner plans to present on appeal. *See* FED.

R. APP. P. 24(a)(1)(C). Further, if Petitioner does choose to appeal and is allowed to proceed IFP,

he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal

(the amount to be determined based on his prison trust fund account records for the past six

months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C.

§ 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d

857, 858-59 (7th Cir. 1999). A proper and timely motion filed pursuant to Federal Rule of Civil

Procedure 59(e) may toll the appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must

be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day

deadline cannot be extended. It is not necessary for Petitioner to obtain a certificate of

appealability in an appeal from this petition brought under 28 U.S.C. § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 9, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**